**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURINDER GILL,<br><br>        Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER JR., Attorney General,<br><br>        Respondent. | No. 10-72243<br><br>Agency No. A079-570-776<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2014**
San Francisco, California

Before:     IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

Petitioner Surinder Gill, a native and citizen of India, petitions for review of

the Board of Immigration Appeals's ("BIA") decision affirming the immigration

judge's denial of his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We lack jurisdiction to

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2)(C).

consider the agency's determination that Gill is ineligible for asylum because Gill failed to demonstrate that he filed his asylum application within one year of his arrival in the United States. *See* 8 U.S.C. 1158(a)(2)(B), (a)(3); 8 U.S.C. 1252(a)(2)(D). We have jurisdiction to review the remaining claims under 8 U.S.C. § 1252. Reviewing the BIA's factual findings for substantial evidence, 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), we deny the petition.

Gill argues that substantial evidence does not support either of the grounds on which the immigration judge denied him relief: adverse credibility and lending material support to a terrorist organization. Because the immigration judge's adverse credibility determination alone supports denial of Gill's withholding of removal and CAT claims, *see, e.g.*, *Kin v. Holder*, 595 F.3d 1050, 1058 (9th Cir. 2010), and we find substantial evidence supports that determination, we deny Gill's petition on that basis and need not reach the additional ground for denial.

In a pre-REAL ID Act case such as this one, we will uphold an adverse credibility finding as long as one of the identified grounds underlying an adverse credibility determination is supported by substantial evidence and goes to the heart of a petitioner's claim. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). Here, at least two grounds going to the heart of Gill's claim were supported by substantial evidence.

2

First, Gill failed to testify credibly to establish his identity. Gill submitted multiple documents with different names but could not reasonably explain these discrepancies. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); *Singh-Kaur v. INS*, 183 F.3d 1147, 1151–53 (9th Cir. 1999). None of the submitted documents sufficiently and affirmatively established his identity, which was essential to his claim. *See Farah*, 348 F.3d at 1156; *Singh-Kaur*, 183 F.3d at 1151–53. Second, although Gill claimed past persecution as a direct result of his participation in a political protest in 1998, he was unable to recall the subject of that protest when repeatedly questioned. This political protest went to the heart of Gill's claim of persecution, yet Gill was unable to provide any detail surrounding the circumstances. *See Singh-Kaur*, 183 F.3d at 1153. On these two grounds, we uphold the immigration judge's adverse credibility finding as affirmed by the BIA.

In the absence of credible testimony, Gill's withholding of removal claim fails. *See Farah*, 348 F.3d at 1156. Because Gill's CAT claim is based on the same evidence that the BIA found not credible, and he points to no other evidence showing it is more likely than not he would be tortured if he returns to India, Gill's CAT claim also fails. *See id.*, at 1156–57.

**Petition for review DISMISSED IN PART AND DENIED IN PART.**

3